HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY ROGERS, CARL SCHENK, and CHANEL PIERRE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COVENANT TRANSPORT, INC., a Foreign Profit Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:24-cv-01043-RAJ<br><br>ORDER |

## I.  INTRODUCTION

THIS MATTER comes before the Court on Plaintiffs' *Ex Parte* Motion to Stay Proceedings Pending, or to Sequence Class Certification Briefing After, Resolution of Plaintiffs' Motion to Remand, Dkt. # 32.  The Court has reviewed the motion, the submissions in support of and in opposition to the motion, and the balance of the record.  For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion.

ORDER - 1

## II. FACTUAL BACKGROUND

Plaintiffs Anthony Rogers, Carl Schenk, and Chanel Pierre bring this putative class action against Defendant Covenant Transport, Inc. ("Covenant") for allegedly failing to disclose the pay range for positions the Plaintiffs applied to, in violation of the Washington Equal Pay and Opportunities Act ("EPOA"). Plaintiffs filed suit in King County Superior Court on June 11, 2024 and Covenant removed the case to federal court on July 12, 2024. Dkt. # 1. After removal, Plaintiffs filed an amended complaint on September 6, 2024 and a motion to remand on September 17, 2024. Dkts. # 11, 15. On March 5, 2025, the Court *sua sponte* terminated Plaintiffs' motion to remand and stayed this case pending the Washington Supreme Court's answer to the certified question in a related EPOA case, *Branson v. Washington Fine Wine & Spirits, LLC*. Dkt. # 24. The Washington Supreme Court issued its decision in *Branson* on September 4, 2025 and the Court subsequently lifted the stay in this case on October 14, 2024. Dkt. # 25.

On October 23, 2025, Plaintiffs again filed a motion to remand. Dkt. # 29. On the same day, Covenant filed a motion for leave to file an over-length brief for its anticipated motion to deny class certification. Dkt. # 27. The Court granted Covenant's motion. Dkt. # 31. On October 28, 2025, Plaintiffs filed, as an *ex parte* motion, the current motion to stay proceedings or to sequence class certification briefing. Dkt. # 32. The Court invited a response from Covenant, which they filed on October 29, 2025. Dkts. # 34, 38. Covenant also filed their motion to deny class certification on October 29, 2025. Dkt. # 35.

## III. DISCUSSION

Plaintiffs first ask the Court to stay this case in its entirety pending resolution of their pending motion to remand because "a decision on the Motion to Remand will establish the threshold issue of whether this Court has subject matter jurisdiction over

this action." Dkt. # 32 at 2. "[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view towards the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). This includes "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Court, in its discretion, declines to stay this case. At this stage, the Court takes no position on the likely outcome of Plaintiffs' pending motion to remand, particularly where Covenant has not yet filed its response brief. The Court notes, however, that continuing litigation and performing work that may be rendered moot by the resolution of a pending motion is a common part of litigation and does not necessarily constitute good cause to stay the case. This case has already been subject to a lengthy stay and a further stay would not promote its efficient and expedient resolution.

Next, Plaintiffs ask in the alternative that the Court sequence the parties' class certification motions (including Plaintiffs' anticipated cross-motion for class certification) so that they are briefed after resolution of the motion to remand and sufficient class discovery. Covenant responds that it is ready to proceed with its motion to deny class certification, which can be decided without additional discovery. Under Ninth Circuit law, district courts "have broad discretion to control the class certification process, and '[w]hether or not discovery will be permitted . . . lies within the sound discretion of the trial court.'" *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (quoting *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975)). In many cases, "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable," which typically requires some discovery. *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977). Here, Plaintiffs generally state they need additional discovery without specifying what information they seek to uncover to

respond to Covenant's motion to deny class certification. Nevertheless, in light of the Ninth Circuit's guidance in favor of permitting discovery prior to class certification determinations and out of an abundance of caution, the Court grants Plaintiff's request to sequence the pending motions.

With that said, the Court does not agree with Plaintiffs that it is necessary to delay briefing on Covenant's pending motion so that Plaintiffs can conduct 90-120 days of class discovery and be prepared to file a cross-motion for class certification "to be heard concurrently with Defendant's Motion." Dkt. # 32 at 7. In the Ninth Circuit, a "defendant may move to deny class certification before a plaintiff files a motion to certify a class." *Vinole*, 571 F.3d at 941. Moreover, contrary to Plaintiff's assertion, there is no per se rule that plaintiffs must be afforded 90-120 days of class discovery. Indeed, the Ninth Circuit has affirmed the denial of class certification without discovery "where the plaintiffs fail to make even a prima facie showing of Rule 23's prerequisites" and fail to demonstrate that additional discovery would change this result. *Doninger*, 564 F.2d at 1313. Based on these principles, it is the Court's expectation that while the motion to remand is pending, Plaintiffs work diligently to obtain any discovery necessary to respond to Covenant's motion to deny class certification so that, in the event the motion to remand is denied, Plaintiffs will be prepared to promptly brief Covenant's pending motion. The fact that Plaintiffs are not prepared to concurrently file their separate motion in support of class certification will not be a sufficient basis for further delay.

//
//
//
//
//

ORDER - 4

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion to stay, Dkt. # 32, as follows:

All deadlines for Covenant's motion to deny class certification are STAYED pending resolution of Plaintiffs' motion to remand. If the motion to remand is denied, the parties are ordered to confer and submit a proposed briefing schedule for Covenant's motion to deny class certification within 5 days of the motion to remand order.

Dated this 18th day of November, 2025.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge