HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY ROGERS, CARL SCHENK, and CHANEL PIERRE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COVENANT TRANSPORT, INC., a Foreign Profit Corporation; and DOES 1-10, inclusive,<br><br>Defendant. | CASE NO. 2:24-cv-01043-RAJ<br><br>ORDER |

## I.    INTRODUCTION

THIS MATTER comes before the Court on Plaintiffs Anthony Rogers, Carl Schenk, and Chanel Pierre's ("Plaintiffs") motion to remand, Dkt. # 29, Plaintiffs' motion for voluntary dismissal of Mr. Rogers and Mr. Schenk, Dkt. # 43, and Plaintiffs' motion for leave to file second amended class action complaint, Dkt. # 45.  The Court has reviewed the motions, the submissions in support of and in opposition to the motions, and the balance of the record.  For the reasons set forth below, the Court **GRANTS** Plaintiffs' motion to remand and **DENIES** the remaining motions as moot.

ORDER – 1

## II.    BACKGROUND

Mr. Rogers initially filed suit against Covenant Transport, Inc. ("Covenant") in King County Superior Court for alleged violations of the Washington Equal Pay and Opportunities Act ("EPOA").  Dkt. # 1-2.  Mr. Rogers alleged in his original complaint that Covenant's job postings "do not disclose the wage scale, salary range, or a general description of the benefits and other compensation to be offered."  *Id.* ¶ 3.  He further alleged that he "applied for the job in good faith with the genuine intent of gaining employment and, as such, became personally exposed to risk of harm caused by Defendant's violations."  *Id.*  Finally, he alleged that he and putative class members "lost valuable time applying for jobs with Defendant" and that they were harmed because of their "inability to evaluate the pay for the position, negotiate that pay, and compare that pay to other available positions in the marketplace."  *Id.* ¶¶ 12, 13.

Covenant removed the case to federal court based on diversity of citizenship, or alternatively, the Class Action Fairness Act "("CAFA").  Dkt. # 1.  Thereafter, Plaintiffs filed a first amended complaint, which added Mr. Schenk and Ms. Pierre as plaintiffs.  Dkt. # 11.  The first amended complaint contains virtually identical allegations that Covenant's job postings fail to disclose required pay information, and that as a result Plaintiffs and putative class members lost valuable time applying for the jobs and were unable to evaluate and negotiate the pay.  *Id.* ¶¶ 3, 11, 12.  The first amended complaint removes, however, the allegation that Mr. Rogers applied for the job in good faith.  *See id.* ¶ 3.  Instead, it merely alleges that each Plaintiff "applied for a truck driver job position" with Covenant in Washington.  *Id.*

Plaintiffs subsequently filed a motion to remand for lack of Article II standing.  Dkt. # 29.  While that motion was pending, Plaintiffs also filed a motion to voluntarily dismiss Mr. Rogers and Mr. Schenk as parties and a motion for leave to file a second amended complaint.  Dkts. # 43, 45. The Court's analysis will begin with Plaintiffs' motion to remand because it implicates the Court's jurisdiction over this matter.

ORDER – 2

### III.  LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Rattlesnake Coalition v. EPA*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007).  In a case removed based federal question or diversity of citizenship, there is a "strong presumption against removal jurisdiction" and the "court resolves all ambiguity in favor of remand to state court."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).  However, "no antiremoval presumption attends cases involving CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Whether a case is removed under CAFA jurisdiction or otherwise, the case "must be remanded to state court" if "the plaintiff lacks Article III standing."  *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

### IV.  DISCUSSION

A recent amendment to the EPOA requires certain employers to disclose in their job postings the "wage scale or salary range" and "a general description of all of the benefits and other compensation to be offered to the hired applicant."  RCW 49.58.110(1)(a).  The amendment's enactment spawned numerous putative class actions challenging alleged pay transparency violations.  Courts in this district have found that to establish Article III standing in such EPOA cases, plaintiffs "must allege, at minimum, that they applied for the job with good-faith intent, and as such became personally exposed to the risk of harm caused by the violation."  *Atkinson v. Aaron's LLC*, 733 F. Supp. 3d 1056, 1071 (W.D. Wash. 2024), *modified by* 2024 WL 3199860 (W.D. Wash. June 26, 2024) ("*Aaron's*").  Based on this principle, courts have frequently remanded similar EPOA cases because the plaintiffs failed to allege they were good faith job applicants with Article III standing.  *See*

ORDER – 3

*Hill v. Airgas USA LLC*, No. 25-cv-1531, 2025 WL 3640901, *3 (W.D. Wash. Dec. 16, 2025) (collecting cases).

Plaintiffs argue that this case, too, should be remanded for lack of Article III standing. Dkt. # 29 at 2. In response, Covenant argues this case is distinguishable from other EPOA cases ordering remand because Mr. Rogers originally alleged that he "applied for the job in good faith with the genuine intent of gaining employment," but deleted this allegation from the first amended complaint for the purpose of avoiding federal jurisdiction. Dkt. # 39 at 9–10. In the alternative, Covenant argues the Court should (1) permit Covenant to conduct jurisdictional discovery prior to ruling on the motion to remand; or (2) dismiss this case because remand would be futile. *Id.* at 10–11. For the reasons discussed below, the Court agrees with Plaintiffs.[1]

## A.    Article III Standing

To establish Article III standing, the plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v Robins*, 578 U.S. 330, 338 (2016). This case involves injury in fact, the "first and foremost of standing's three elements." *Id.* (citation modified). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

---

[1] On September 4, 2025, the Washington Supreme Court issued a decision clarifying what a plaintiff must prove to be deemed a "job applicant" within the meaning of the EPOA. *Branson v. Washington Fine Wine & Spirits, LLC*, 574 P.3d 1031 (2025). The parties agree that *Branson* does not affect the Article III question at issue in this case. Dkt. # 29 at 8; Dkt. # 39 at 24; *see also Spencer v. Walmart Inc.*, No. 24-cv-1793, 2025 WL 2910569, at *5 (W.D. Wash. Oct. 14, 2025) ("the state Supreme Court's decision in *Branson* does not change this Court's standing analysis.").

ORDER – 4

In *Aaron's*, the court found the following regarding Article III standing in EPOA cases alleging wage transparency violations:

> A job posting that does not contain compensation information is a technical violation, but it does not harm or create a material risk of harm to any individual's concrete interest. A nominal applicant with no interest in the position will neither receive a benefit from early pay disclosure nor be harmed by the lack thereof. There is no risk of harm to someone browsing job postings with no intent to apply or with intent only to find those that have no compensation included so they can go through the motion of applying and then sue for the technical violation.
>
> . . .
>
> In sum, the Court concludes that a violation of the statutory provision at issue here—a job posting with no compensation information included—is a technical or procedural violation that by itself does not manifest concrete injury but requires a "bona fide" applicant before there is a risk of harm. Plaintiffs must allege, at minimum, that they applied for the job with good-faith intent, and as such became personally exposed to the risk of harm caused by the violation.

*Aaron's*, 733 F. Supp. 3d at 1070–71 (footnote omitted). In short, to establish Article III standing, a plaintiff must allege he was a good faith job applicant, rather than a nominal one simply browsing for job postings with EPOA violations but who suffered no concrete harm from the lack of disclosure.

In later cases, courts found that a plaintiff fails to allege Article III standing where he does "not allege that he was offered an interview or that he engaged in any pay negotiations." *Kent v. Tech Mahindra (Americas) Inc.*, No. 24-cv-1168, 2025 WL 2810715, at *4 (W.D. Wash. Oct. 3, 2025). This is because the EPOA's disclosure requirement "was established to protect applicants by arming them with sufficient information to ensure fair and equitable pay negotiations, and to avoid wasting time interviewing for positions whose pay would never be adequate." *Id.* (quoting *Hill v. ACV Auctions Inc.*, No. 25-cv-616, 2025 WL 1582249, at *3 (W.D. Wash. June 4, 2025)). Allegations that an applicant lost time applying for a job, without more, "fail to show any

ORDER – 5

actual harm against which the EPOA intends to protect." *Id.; see also Spencer v. Vera Whole Health, Inc.*, No. 24-cv-337, 2024 WL 3276578, at \*3 (W.D. Wash. July 2, 2024) (remanding for lack of Article III standing where plaintiff failed to allege he was offered an interview or that he engaged in any pay negotiations); *Partridge v. Heartland Express Inc. of Iowa*, No. 24-cv-5486, 2024 WL 4164245, at \*4 (W.D. Wash. Sept. 12, 2024) (same); *Hill*, 2025 WL 3640901, \*4 (same).

Indeed, courts have found lack of Article III standing even where the plaintiff alleged in a conclusory fashion, without further factual detail, that he applied for a job "in good faith." *See Hein v. Crash Champions, LLC*, No. 24-cv-1176, 2024 WL 5039900, at \*2 (W.D. Wash. Dec. 9, 2024) ("Plaintiff's conclusory statement of a 'good faith' application for the position at issue fails to establish a concrete, particularized harm."); *Hill v. Les Schwab Tire Ctrs. of Wash.*, No. 24-cv-425, 2025 WL 3062646, at \*4 (W.D. Wash. Oct. 31, 2025) ("[plaintiff] makes only conclusory allegations of good faith in his complaint, which are insufficient to allege Article III standing.").

Here, this case should be remanded for the same reasons. Like numerous other cases in this district remanding similar EPOA cases, Plaintiffs merely allege that they applied for a job, the job posting did not contain required pay information, they lost time applying for the job, and they were unable to evaluate or negotiate pay due to the lack of disclosure. *Id.* These allegations, without more, are insufficient. Plaintiffs do not allege they were offered an interview, engaged in pay negotiations, or any other facts to suggest they suffered a concrete harm from the alleged lack of pay disclosure

Covenant's arguments to the contrary are unpersuasive. Covenant's primary argument is that Mr. Rogers alleged in his original complaint that he "applied for the job in good faith with the genuine intent of gaining employment." Dkt. # 39 at 9–10, 13–14. Even considering this original allegation, however, the Court finds that it was conclusory and lacks any factual support. Like the first amended complaint at issue here, Mr. Rogers' original complaint also failed to allege that he was offered an interview, engaged in pay

ORDER – 6

negotiations, or any other facts to demonstrate concrete harm. Without these factual details, this case—whether based Mr. Rogers' original complaint or Plaintiffs' operative first amended complaint—must be remanded to state court. Next, Covenant argues the other similar EPOA cases were "wrongly decided" because they applied a presumption against removal, even though no such presumption applies in CAFA cases. *Id.* at 14–16. The Court notes that like this case, many of the cases Covenant cites were removed based both diversity and CAFA jurisdiction. *See, e.g.*, *Atkinson v. Penney OpCo LLC*, No. 23-cv-1806, 2024 WL 3579910, at *1 (W.D. Wash. July 30, 2024). And even if no anti-removal presumption should be applied in that circumstance, the Court does not find that the cases Covenant cites improperly applied an anti-removal presumption. Rather, the decisions were based on well-reasoned assessments of Article III standing requirements, which applies to CAFA cases as well as other removed cases. *Polo*, 833 F.3d at 1196. Finally, Covenant argues Plaintiffs removed Mr. Rogers' "good faith" allegation to assist in their remand efforts, and the Court should not condone this type of gamesmanship. Dkt. # 39 at 16–18. But whether Plaintiffs engaged in gamesmanship or not does not change the Court's conclusion that neither Mr. Rogers' original complaint nor the operative first amended complaint alleges facts to establish Article III standing.

### B.      Covenant's Alternative Arguments

The Court also rejects Covenant's arguments that Court should permit jurisdictional discovery or that it should dismiss this case because remand is futile.

The decision to grant jurisdictional discovery is within the trial court's discretion. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of facts is necessary." *Id.* (quoting *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). Here, pertinent facts such as whether Plaintiffs were invited to interview for a position or engaged in pay negotiations are within Covenant's possession. There is no indication that these facts, or

ORDER – 7

others that would materially alter the Court's standing analysis, exist. Accordingly, the Court declines to permit jurisdictional discovery. *See Milito v. Lucid Grp. USA Inc.*, No. 25-cv-1664, 2025 WL 3640898, at *3 (W.D. Wash. Dec. 16, 2025) (declining to permit jurisdictional discovery in similar EPOA case).

Next, "[o]rdinarily, when a district court concludes that it lacks subject matter jurisdiction over an action removed to federal court, the appropriate remedy is to remand the case to state court." *Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 920 n.6 (9th Cir. 2022) (citing 28 U.S.C. § 1447(c)). "A narrow 'futility' exception to this general rule permits the district court to dismiss an action rather than remand it if there is 'absolute certainty' that the state court would dismiss the action following remand." *Id.* (quoting *Polo*, 833 F.3d at 1197–98). The Court does not find there is "absolute certainty" that this case will be dismissed in state court. "State courts are not bound by the constraints of Article III." *Polo*, 833 F.3d at 1196. Thus, it is possible that this case may proceed in state court even though Plaintiffs did not suffer an injury sufficient to support Article III standing in federal court. *See Milito*, 2025 WL 3640898, at *3 (declining to apply futility exception in similar EPOA case); *Hill*, 2025 WL 3640901, at *4 (same).

Because the Court finds it lacks subject matter jurisdiction over this matter, it declines to consider Covenant's remaining arguments regarding the EPOA. In addition, it cannot reach Plaintiffs' remaining motions to voluntarily dismiss certain Plaintiffs, and for leave to file a second amended complaint. The Court briefly notes, however, that the proposed amendments would not change the result of this order. Plaintiffs now concede Mr. Rogers and Mr. Schenk should be dismissed, Dkt. # 43, which further reinforces that the "good faith" allegations in Mr. Rogers' original complaint are insufficient to support Article III standing in this case. The minimal new proposed allegations regarding Ms. Pierre, *see* Dkt. # 46-1 at 3, are not substantial enough to support Article III standing.

ORDER – 8

## V.    CONCLUSION

For the forgoing reasons, the Court **GRANTS** Plaintiffs' motion to remand, Dkt. # 29, and **DENIES** Plaintiffs' motion for voluntary dismissal, Dkt. # 43, and motion for leave to file a second amended complaint, Dkt. # 45, as moot.

Dated this 16th day of March, 2026.

_____

The Honorable Richard A. Jones
United States District Judge

ORDER – 9